UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MICKEY LEE CADE                                CIVIL ACTION NO. 15-cv-0946

VERSUS                                         CHIEF JUDGE HICKS

JERRY GOODWIN                                  MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Mickey Lee Cade ("Petitioner") was arrested in Caddo Parish in connection with two home invasions. A resident of each home was shot, and one of the victims died. Petitioner accepted a plea bargain offer and entered pleas of guilty to manslaughter and armed robbery, for which he received 30-year concurrent sentences. Petitioner did not file an appeal, but he did pursue some issues in a post-conviction application in state court. He now seeks federal habeas corpus relief. For the reasons that follow, it is recommended that his petition be denied.

### Relevant Facts

Evidence in the record indicates that Petitioner and his wife lived in Shreveport, and Petitioner was engaged in the drug business. On March 14, 2011, Petitioner and a co-defendant forced their way into the home of Delon Williams. Petitioner's wife said that Petitioner owed Williams money for drugs. Williams was shot in the stomach, and he died the next day.

Petitioner and two co-defendants broke into another home in Shreveport on March 15, 2011. They were wearing masks, and they took items of value from two women in the home. One of the women was shot by a robber, but the State did not believe that Petitioner was the one who fired the shot. That victim survived the shooting.

Petitioner was represented by Kurt Goins, an experienced attorney with the Caddo Parish Indigent Defender Board. Goins sought discovery, filed a motion in limine, and otherwise defended the case. At one point he filed a motion to be relieved as counsel because of a possible conflict due to state witnesses having previously been represented by the ID Board. The State urged that the prior representations were remote in time. Tr. 396, 404. It is not clear whether the ruling is in the record, but it appears the court denied the motion.

Petitioner's wife, Felicia Wills, left Petitioner after the crimes and moved out of state. She testified at a hearing to perpetuate her testimony. Wills incriminated Petitioner in the crimes. For example, she said he returned home the night of the first shooting "disturbed" and told the family to sleep on the floor because Delon was shot. She also testified that she saw Petitioner and his co-defendants in possession of items taken from the second home. Petitioner was bloody and had scratches on him, and he told her that he had to run through some bushes after one of his co-defendants shot a woman. On cross-examination, defense counsel got Wills to say that police told her that they had phone records to implicate her and that they could take away her children and send her to jail for 10 years if she continued to cover up for Petitioner. Tr. 533-61.

Petitioner appeared in court with counsel in June 2013. The State announced a plea agreement whereby Petitioner would plead guilty to armed robbery and manslaughter, with 30 year sentences on each count to run concurrently. The State agreed not to file a multiple offender bill (despite prior convictions for burglary and armed robbery) and said it would dismiss charges of illegal use of a weapon and possession of a firearm by a convicted felon. The State presented a factual basis on both counts, and the court engaged Petitioner in a full <u>Boykin</u> colloquy. Petitioner agreed that it was his decision to plead guilty, and the court found that he did so freely and voluntarily. Tr. 612-18.

Petitioner argued in a post-conviction application that trial counsel was ineffective for various reasons, such as not adopting pro se motions filed by Petitioner, not moving to suppress the allegedly coerced statements of Petitioner's wife, and untimeliness of the prosecution. Tr. 671. The trial court cited the plea agreement and found that the court could not address the claims in light of it. Tr. 716-17. The state appellate court summarily denied a writ application, and the Supreme Court of Louisiana did the same. Tr. 825, 879. Petitioner's claims before the appellate courts were not always consistent with the ones presented to the district court.

**Analysis**

    **A. Introduction**

Petitioner's memorandum in support of his federal habeas petition lists four claims: (1) no appointment of counsel to represent him on his post-conviction application, (2) ineffective assistance of trial counsel, (3) denial of a motion to quash the indictment, and (4) denial of a motion to suppress his wife's testimony. Some of the claims may not have

been properly exhausted by presenting them at each level of the state courts, but this court need not address that issue because all of the claims fail on the merits.

### B. Martinez Claim

Petitioner's first claim is that Martinez v. Ryan, 132 S.Ct. 1309 (2012) entitled him to appointed counsel to represent him on his post-conviction application. The Supreme Court has not recognized a right to counsel in post-conviction proceedings. Martinez held that in states where ineffective assistance claims must ordinarily be litigated for the first time in post-conviction proceedings, the lack of counsel or ineffective counsel during those proceedings could provide cause to overcome a procedural default of an ineffective assistance of trial counsel claim.

Such a procedural default is not an issue in this case, and Martinez does not create any independent claim for habeas relief due to the lack of appointed counsel. Runnels v. Davis, 2017 WL 5004843, *4 (N.D. Tex. 2017) ("Supreme Court in Martinez declined to create a constitutional right to state habeas counsel"); Black v. Stephens, 2015 WL 9918692, *9 (N.D. Tex. 2015) ("Martinez does not provide a substantive claim for federal relief, only cause to excuse a procedural bar."); and Harrington v. Wallace, 2017 WL 2778088, *4 (E.D. Mo. 2017) ("while inadequate assistance of counsel at post-conviction proceedings may establish cause for default of a claim of ineffective assistance at trial, … it cannot be the basis of an independent claim in a federal habeas proceeding").

C. **Denial of Motion to Quash Indictment**.

Petitioner lists as a claim that the trial court erred in denying a motion to quash the indictment. He also argues, within his ineffective assistance claim, that there were grounds to quash the indictment based on the lack of a foreperson signature and untimeliness, but he does not identify an actual motion to quash or where it was denied. In any event, his memorandum does not brief the claim. It is merely mentioned in the list of claims and then forgotten.

The failure to brief this claim warrants denying it as waived or abandoned. Lookingbill v. Cockrell, 293 F.3d 256, 263 (5th Cir. 2002) ("Where a habeas petitioner fails to brief an argument adequately, we consider it waived."); Pea v. Cain, 2017 WL 1197872, *12 (M. D. La. 2017) (collecting district court decisions that found waiver where a habeas claim was not adequately briefed). The claim also lacks merit because it was waived by entry of a guilty plea, as addressed below.

D. **Ineffective Assistance of Counsel; Denial of Motion to Suppress**

Petitioner argues that trial counsel rendered ineffective assistance of counsel for three reasons: (1) counsel filed a motion to withdraw, (2) counsel did not file a motion to quash the indictment based on lack of inappropriate foreperson signature and untimely prosecution, and (3) counsel did not succeed in suppressing the testimony of Petitioner's wife. Petitioner argues that counsel should have been able to suppress his wife's testimony on the grounds that it was perjury, which he says is demonstrated by her statement that police told her she risked losing her children and going to jail if she covered up for

Petitioner. Petitioner's final habeas claim is that the trial court erred in denying a motion to suppress the wife's testimony.

All of these claims should be denied based on the fact that Petitioner entered guilty pleas. The Supreme Court has held that a guilty plea represents a break in the chain of events that preceded it in the criminal process. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollette v. Henderson, 93 S.Ct. 1602, 1608 (1973). "He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards" for effective assistance of counsel. Id. The Court explained that a guilty plea may not be vacated because the defendant was not advised "of every conceivable constitutional plea in abatement he might have to the charge," and it was not sufficient to show that if counsel had pursued a certain inquiry it would have uncovered a possible defense. Id.

The Fifth Circuit has said that it is "well-established that a valid guilty plea waives all non-jurisdictional defects, including an ineffective assistance of counsel claim, unless the ineffective assistance claim affects the voluntariness of the plea." Wells v. Thaler, 460 Fed. Appx. 303, 309 (5th Cir. 2012), citing Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) (claims of ineffective assistance of counsel for failure to review evidence, investigate witnesses or legality of arrest, and failure to find flaws in the prosecution's case were waived by guilty plea). For a pertinent example, the habeas petitioner in Brown v. Jernigan,

622 F.2d 914, 916 (5th Cir. 1980) claimed that his indictment was improperly dated and signed and was returned by less than a full panel of grand jury members. The Fifth Circuit ruled that he waived any such defects in the indictment when he pleaded guilty. Claims for failure to file pretrial motions, failure to interview witnesses, failure to investigate and the like have all been denied when the complaining petitioner had entered a valid guilty plea. Magallanes v. Scott, 43 F.3d 670 (5th Cir. 1994); Drake v. Davis, 2017 WL 3841198, *4 (N.D. Tex. 2017).

Petitioner's ineffective assistance of counsel claims do not relate to the voluntariness of his plea. Rather, he argues that counsel should have taken steps such as seeking to quash the indictment or quash testimony that might have defeated the charges. Petitioner has not exhausted and asserted any claims that suggest the advice he received from his counsel during the course of the guilty plea discussions was not within the range of competence for attorneys in criminal cases. If a defendant wishes to challenge every aspect of the prosecution's case, he may go to trial and do so. But if he chooses to plead guilty, he waives his right to continue to litigate matters such as whether evidence should have been suppressed or the adequacy of the charging instrument. Petitioner entered a valid guilty plea, so he is not entitled to habeas relief on any of the claims he asserts in this petition.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's petition for writ of habeas corpus be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of February, 2018.

                                                     Mark L. Hornsby  
                                                   U.S. Magistrate Judge